PLESSINGER, RECEIVER, *v.* BAKER ET AL.

[No. 22,826.   Filed June 1, 1915.   Rehearing denied October 7, 1915.]

1.   BILLS AND NOTES.—*Note Purchased With Partnership Funds.—Complaint.*—In an action by the receiver of an insolvent partnership to recover on a note on the theory that such note had been purchased by one of the partners with the partnership funds, the complaint was insufficient on demurrer in the absence of any allegation of fact to warrant an inference of purchase and in view of allegations reasonably giving rise to an implication that such partner was liable on the note as maker, and discharged such liability with partnership funds.   p. 508.

2.   PLEADING.—*Ambiguous Averments.—Construction.*—Ambiguous averments are most strongly construed against the pleader. p. 509.

From Wells Circuit Court; *Wm. H. Eichhorn,* Judge.

Action by Charles W. Plessinger, receiver of the insolvent partnership of Dwight K. Williamson and Willard C. Baker, against Willard C. Baker and others.   From the judgment rendered, the plaintiff appeals.   (Transferred from Appellate Court under §1405 Burns 1914, Acts 1901 p. 590).   *Affirmed.*

*Mock & Mock,* for appellant.

*Willard C. Baker, Edgar M. Baker* and *Frank W. Gordon,* for appellees.

MORRIS, J.—Suit on note, by appellant against appellees, Willard C. and Edgar M. Baker, and Eli W., Chamter and Fay Avery.   The Averys were defaulted and the Bakers each filed a demurrer to the complaint, which was sustained, and, appellant declining to further plead, judgment was rendered for appellees.   The only error assigned is the ruling on the demurrers.

The complaint alleges that appellant is the receiver of an insolvent partnership of Dwight K. Williamson and appellee Willard C. Baker; that said partners had been engaged in the purchase and sale of live stock, and, on October 3, 1911, held a public sale of such stock; that it was agreed by the

partners that Baker was to settle with the clerk of the sale and turn over the money received to Williamson, to be deposited by the latter in a bank to the credit of the firm; that Baker settled with the clerk, and received approximately $2,400, as proceeds, but, instead of turning it over to Williamson, deposited the money to his own credit in a bank at Bluffton; that thereupon he drew a check against the account in the sum of $310, and with the proceeds thereof purchased a draft payable to the Clinton County Bank of Frankfort, and delivered the draft to said bank, ''and received in return therefor the note sued on herein''; that the note was executed by appellee Willard C. Baker as principal, and appellee Edgar M. Baker, as surety, payable to appellees Avery, partners, under the firm name of Avery and Sons, and by them endorsed to said Clinton County Bank.

It is further alleged that the partnership of Williamson and Baker did not execute the note and was not liable thereon, and that Williamson had no previous knowledge of the note's existence; that said Willard C. Baker, when the draft was delivered, was insolvent, and knew that the firm of Williamson and Baker was then insolvent. The Clinton County Bank was not made a party to the action, and there is no allegation that the Averys or Edgar M. Baker had any knowledge of any fact pleaded, except that said Baker knew he executed the note. The complaint prays that Willard C. Baker be declared the holder of the note as trustee for the partnership of Williamson and Baker, and that appellant be awarded judgment against appellees for the principal and interest alleged to be due on the note.

It appears to be appellant's theory that the complaint avers a purchase of the note sued on with partnership funds with a resulting ownership thereof by the partnership.

1. No fact is alleged that would warrant the inference of purchase. On the other hand, the reasonable implication from the facts averred is that appellee Willard C. Baker paid the note on which he was liable as maker, with

partnership funds. Ambiguous averments in a plead-
2. ing are most strongly construed against the pleader
*Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind.
592, 601, 100 N. E. 675, 102 N. E. 99. There was no error
in sustaining the demurrers. Judgment affirmed.

NOTE.—Reported in 109 N. E. 43. What are sham pleadings and
the remedies against them, 113 Am. St. 639. See, also, under (1)
8 Cyc. 119; (2) 31 Cyc. 79.